IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

UNITED STATES OF AMERICA,     )     CR. NO. 7:24-CR-281
                              )     GREENVILLE, SC
                              )     JUNE 25, 2024
                              )
        VERSUS                )
                              )
MELVIN ANTONIO                )
EUGENE MAXWELL,               )
                              )
            DEFENDANT.        )
_____ )

BEFORE THE HONORABLE HENRY M. HERLONG
UNITED STATES SENIOR DISTRICT COURT JUDGE
CHANGE OF PLEA HEARING

APPEARANCES:

FOR THE GOVERNMENT:     MAXWELL B. CAUTHEN, AUSA
                        UNITED STATES ATTORNEY'S OFFICE
                        55 BEATTIE PLACE
                        SUITE 700
                        GREENVILLE, SC  29601

FOR THE DEFENDANT:      BENJAMIN T. STEPP, AFPD
                        FEDERAL PUBLIC DEFENDER'S
                          OFFICE
                        TWO LIBERTY SQUARE
                        75 BEATTIE PLACE
                        SUITE 950
                        GREENVILLE, SC  29601

COURT REPORTER:         DEBRA R. BULL, RPR, CRR
                        UNITED STATES COURT REPORTER
                        315 SOUTH MCDUFFIE STREET
                        ANDERSON, SC  29624


STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
*** *** *** *** ***

```
 1      (Whereupon, the hearing commenced at 9:59 a.m.)

 2            THE COURT:   Thank you, be seated, please.

 3              You may call the case.

 4            MR. CAUTHEN:  May it please the Court,  Your

 5      Honor.   Judge, we are here this morning on case number

 6      7:24-281,  United States versus Melvin Antonio Eugene

 7      Maxwell.  He is pleading guilty to his Indictment with

 8      -- under a conditional guilty plea and he is represented

 9      by Mr. Ben Stepp.

10            THE CLERK:  Please raise your right hand.

11            MELVIN ANTONIO EUGENE MAXWELL, having been first

12      duly sworn, testified as follows:

13                          EXAM

14  BY THE COURT:

15   Q.      Mr. Maxwell, have you had enough time to discuss

16      this matter with your attorney?

17   A.      Yes, sir.

18   Q.      Are you satisfied thus far with the representation

19      of your attorney?

20   A.      Yes, sir.

21   Q.      Do you have any complaints of your attorney or

22      anyone else in connection with this case?

23   A.      I don't understand what you mean.

24   Q.      Do you have any complaints of your attorney or

25      anyone else in connection with this case?
```

1  A.      No, sir.

2  Q.      Okay.

3          What is your full name?

4  A.      Melvin Antonio Eugene Maxwell.

5  Q.      And how old are you?

6  A.      Thirty-nine years old.

7  Q.      How far did you go in school?

8  A.      Got a GED.

9  Q.      Have you ever been treated for any type of mental

10    condition?

11  A.      No, sir.

12  Q.      This morning, are you under the influence of any

13    type of alcohol, drug, or medicine?

14  A.      No.

15          THE COURT:  Mr. Stepp, do you have any question

16    as to his competence?

17          MR. STEPP:  No, Your Honor.

18          THE COURT:  I will be going over this guilty plea

19    with you.  I will be advising you of what your rights

20    are in connection with a jury trial and the fact that

21    you are giving up your right to a jury trial by pleading

22    guilty.  This is what we call a conditional guilty

23    plea.  What that means is it is a guilty plea like any

24    other guilty plea except, under these circumstances with

25    the consent of the Government and with the consent of

1    the Court, you are allowed to plead guilty but maintain

2    your right to appeal the Court's ruling in the

3    suppression hearing that we had the other day.  You can

4    raise that issue with the Court of Appeals, and if the

5    Court of Appeals rules in your favor, then that evidence

6    would not be allowed -- and I don't know if the

7    Government has taken a position on this, but it is more

8    than likely that would be the end of the case?

9        MR. CAUTHEN:  Possibly, Your Honor; I haven't

10   thought that far ahead, to be honest.

11       THE COURT:  Right.  But you would have a chance,

12   that evidence, which your attorney pursued with the

13   Motion to Suppress, if my decision is reversed, that

14   evidence would not be allowed and you would have a

15   chance to be acquitted.

16       MR. STEPP:  Judge, I think the rule says if the

17   Court of Appeals reverses the District Court ruling that

18   the Defendant would have a right to withdraw his plea.

19   And then it just goes from there.

20       THE COURT:  I think that is correct.  I

21   appreciate you pointing that out, then this plea would

22   not be binding and then we could proceed, that is a

23   better understanding.  We rarely do these and that is

24   why it is an unusual circumstance.

25

```
 1                       EXAM CONTINUED
 2  BY THE COURT:
 3   Q.      You would not be  -- if the Court of Appeals
 4       agreed with your position that that evidence should have
 5       been suppressed and then you would not be bound by the
 6       guilty plea and proceed from there; do you understand?
 7   A.      Yes, sir.
 8   Q.      But with the understanding that you wish to appeal
 9       that issue,  which you will have the right to do because
10       this is a conditional plea,  if the Court of Appeals
11       rules against you,  then you would be bound by the
12       sentence that you will receive and the imposition of
13       guilt on this charge; do you understand that?
14   A.      Yes, sir.
15   Q.      Now,  I am going to go through my advice to you on
16       what it means by pleading guilty and what you are giving
17       up by way of a jury trial.  And during this proceeding
18       this morning,  if anything I say or ask of you which is
19       unclear to you, you could make that known to the Court
20       and the Court will explain it further.  And during this
21       proceeding,  you have the right to stop and confer with
22       your attorney at any time that you have a question; do
23       you understand that?
24   A.      Yes, sir.
25   Q.      The Indictment charges in Count 1 that on or about
```

1    November 27th, 2023, in the District of South Carolina,

2    that you knowingly -- did knowingly possess a firearm,

3    which had been shipped and transported in interstate and

4    foreign commerce, that is a Llama .45 caliber pistol,

5    you having been previously convicted of a crime

6    punishable by imprisonment for a term exceeding one year

7    and knowing that you had been convicted of such a crime.

8    Do you understand what you are charged with in Count 1

9    of the Indictment?

10  A.    Yes, sir.

11  Q.    The elements of this offense are as follows:

12    That you had previously been convicted in a court of a

13    crime punishable by imprisonment for a term exceeding

14    one year; that you had previously been convicted --

15    that you knew you had previously been convicted in a

16    court of a crime punishable by imprisonment for a term

17    exceeding one year; that after this conviction you

18    knowingly possessed the firearm and ammunition described

19    in the Indictment; and the possession was in or

20    affecting commerce because the firearm and ammunition

21    had travelled in interstate or foreign commerce at some

22    point during their existence.  Those are the basic

23    elements of the -- Count 1 of the Indictment, felon in

24    possession; do you understand those elements?

25  A.    Yes, sir.

1  Q.      The statute provides for a maximum sentence of ten

2         years and/or a fine of $250,000,  supervised release of

3         up to three years, and a Special Assessment of $100; do

4         you understand that?

5  A.      Yes, sir.

6              MR. CAUTHEN:  Your Honor,  may I interrupt --

7              THE COURT:  Yes.

8              MR. CAUTHEN:  -- please, sir?  That is an error on

9         my part.   It should be imprisonment for not more than

10        fifteen years; it is not a mandatory,  this offense

11        occurred after the law changed,  so it would be up to

12        fifteen years; the rest of the penalties remain the

13        same.

14                        EXAM CONTINUED

15 BY THE COURT:

16 Q.      I am informed, I will correct what I said to you

17        as far as the sentencing provisions,  it is imprisonment

18        for not more than fifteen years; do you understand that?

19 A.      Yes, sir.

20 Q.      Count 2 charges that on or about November 27th,

21        2023, in the District of South Carolina, that you

22        knowingly,  intentionally, and unlawfully possessed a

23        quantity of cocaine base, commonly known as crack

24        cocaine, and that they are both  -- and coke, excuse me,

25        a quantity of cocaine base and cocaine,  both Scheduled

1    Two controlled substances.   That is what you are

2    charged with in Count 2; do you understand that?

3  A.      Yes, sir.

4  Q.      The elements of this offense are as follows:  That

5    you knowingly and intentionally possessed the controlled

6    substance described in the Indictment; that at the time

7    of such possession, you knew that the substance you

8    possessed were controlled substances; and that you did

9    not possess the controlled substances pursuant to a

10   valid prescription or order,  those are the basic

11   elements; do you understand that?

12 A.      Yes, sir.

13 Q.      For this Count 2, the statute provides for a

14   maximum sentence of one year imprisonment,  a fine of

15   1 million dollars, and a Special Assessment of $100.

16         MR. CAUTHEN:  That is $1,000, Your Honor.

17         THE COURT:   I'm sorry, you are right.

18                    EXAM CONTINUED

19 BY THE COURT:

20 Q.      The sentencing provision is a maximum penalty of

21   one year imprisonment,  a fine of $1,000, and a Special

22   Assessment of $100; do you understand that?

23 A.      Yes, sir.

24 Q.      As to each of these Counts, understanding what you

25   are charged with,  what the elements of the offenses

1   are, and what the statutory sentencing provisions could

2   be, do you still wish to plead guilty?

3   A.      Yes, sir.

4   Q.      Although you are offering to plead guilty, you

5   are still presumed innocent.  You have the right to a

6   jury trial, and at a jury trial you would be presumed

7   innocent throughout the trial.  The burden of proof

8   would be on the Government to prove your guilt beyond a

9   reasonable doubt.  The Government would have to do that

10  by calling witnesses or introducing any other relevant

11  evidence into the case.  And if the Government called

12  any witnesses, you would have the right to

13  cross-examine those witnesses.  You would be entitled

14  to representation by your attorney throughout the trial.

15  Your attorney would represent you throughout the trial.

16          And during the trial, after the Government

17  presents its evidence, you would have the right, if

18  you chose to do so, to testify, but you would not be

19  required to testify because a defendant has the right to

20  remain silent during a trial and not testify, and the

21  jury would be instructed that if a defendant chose to

22  remain silent and not testify, that fact could not be

23  held against you.  You could call witnesses in your

24  defense, you could introduce any other relevant

25  evidence in your defense, but you would not be required

1    to call any witnesses or to testify or to produce any

2    evidence because, as I said earlier, the burden of

3    proof is always on the Government to prove a defendant

4    guilty beyond a reasonable doubt and a defendant does

5    not have to prove his innocence.

6         You would be entitled to a jury trial, and

7    before you could be found guilty, the verdict of the

8    jury would have to be unanimous, which means each and

9    every juror would have to be convinced of your guilt

10   beyond a reasonable doubt.

11        Furthermore, the jury would be instructed that

12   if the Government failed in its burden of proof, the

13   jury would be required to find you not guilty.

14        Those are certain rights that you have in

15   connection with the jury trial; do you understand those

16   rights?

17   A.     Yes, sir.

18   Q.     Understanding that, do you still wish to plead

19   guilty?

20   A.     Yes, sir.

21   Q.     And do you understand that by pleading guilty you

22   are giving up those rights in connection with a jury

23   trial?

24   A.     Yes, sir.

25   Q.     Has anyone threatened, forced, or coerced you in

1     any way to get you to plead guilty?

2  A.      No, sir.

3  Q.      Are you pleading guilty because you are guilty?

4  A.      Yes, sir.

5  Q.      Has anyone, including your attorney, promised

6     you what your actual sentence will be?

7  A.      No, sir.

8  Q.      We have sentence guidelines in Federal Court.

9     Following a plea of guilty, the United States Probation

10    office will prepare a Presentence Report for the Court,

11    and in that Presentence Report, among other things,

12    there will be a guideline calculation that applies in

13    your case.  Once the Report is finalized, you will

14    get-- you and your attorney are given a copy of the

15    Report, the Government is given a copy of the Report

16    and if there are any objections in the Report, which

17    could not be resolved, you would be entitled to a

18    hearing before the Court to resolve any objections.

19    The Court is required to consider the guideline range

20    that applies in your case, but the guidelines are

21    advisory only and the Court may impose a sentence which

22    is more severe or less severe than that called for by

23    the guidelines; do you understand that?

24 A.      Yes, sir.

25 Q.      I further tell you that if you are sentenced to a

1   term of imprisonment,  you will also be sentenced to an

2   additional term of supervised release.   And should you

3   violate any conditions of the supervised release,  you

4   could be sentenced to an additional term of

5   imprisonment; do you understand that?

6   A.       Yes, sir.

7           THE COURT:   At this time I will ask the

8   Government to summarize the facts in your case.   Listen

9   carefully, when the Government finishes summarizing, I

10  will ask you whether you agree with those facts and

11  whether you are, in fact, guilty.

12          All right, sir.

13          MR. CAUTHEN:  May it please the Court.

14          Your Honor,  on November 27th of 2023, on

15  Highway I-85 in Spartanburg County,  Deputy Dorset

16  observed a vehicle being driven by the Defendant, who

17  was continually riding in the far left lane of the

18  highway, which is referred to as the passing lane.

19  Other vehicles would come up behind his car,  have to

20  change lanes,  go around him to get back over.   So

21  after watching him drive in the passing lane for some

22  distance, the deputy then initiated his blue lights to

23  pull Mr. Maxwell over.

24          Mr. Maxwell immediately began to pull over and

25  change lanes, but in doing so did not use a turn signal.

1    He then pulled on over to the shoulder the interstate.

2         As Deputy Dorset approached his vehicle,  they

3    had a conversation about his riding in the passing lane.

4    Mr. Maxwell was cooperative,  provided his information.

5    Also that it was a rental car that he was in and he was

6    heading back to North Carolina,  I believe,  he

7    indicated.   The deputy was going -- was preparing

8    tickets to issue him, when he came back to the car, he

9    indicated to Mr. Maxwell that he would like for him to

10   get out of the car to talk with him because he smelled

11   the odor of marijuana emanating from the car.

12   Mr. Maxwell disagreed with that, and after a short

13   period of time put his car back in drive and sped off

14   from the stop.

15        He went up the interstate a distance and got off

16   on Highway 290, we refer to as Highway 290 there in

17   Duncan and took a right where he started to turn into a

18   QT gas station, lost control of his vehicle, and

19   wrecked.   He then got out and ran on foot.   Deputy

20   Dorset and other officers, who had responded to the

21   scene, pursued him and were able to catch him on foot.

22   They walked him back to his vehicle.   Deputy Dorset

23   then searched the vehicle based upon the odor of

24   marijuana coming from it,  also notified the rental

25   company -- was notified that the car was wrecked and

1     they were going to conduct an inventory search pursuant

2     -- before it was towed off.

3          In doing the search, they found in a backpack

4     two digital scales, the .45 caliber pistol that was

5     contained in the Indictment, and it was painted such

6     that you could not see the serial number. They also

7     recovered a quantity of crack cocaine, and cocaine, and

8     some marijuana. It was only 1.39 grams of cocaine and

9     1.89 grams of marijuana.

10         ATF responded to the scene and Special Agent

11    Mercer went to the detention center after he was taken

12    into custody and met with Mr. Maxwell, advised him of

13    his Miranda rights, he indicated he understood those

14    and agreed to speak with the agents. And I believe the

15    other agent was David Pate. Mr. Maxwell was

16    cooperative, he indicated that he had gotten the

17    pistol, that it was his and that he had painted it

18    because that is what he prefers to do with his pistols.

19         Prior to that date, Your Honor, he had been

20    convicted of a crime for which he could have received

21    more than a year in prison and did, in fact, receive

22    more than a year in prison in 2011 in Federal Court in

23    North Carolina for felon in possession of a firearm, and

24    then again in 2017 in Federal Court in North Carolina

25    for felon in possession of a firearm. He has not

1    received a pardon.

2         When ATF performed an examination of the pistol,

3    they were able to recover the serial number from it,

4    they just used some chemicals to dilute the paint.  They

5    determined the pistol was manufactured outside of the

6    state of South Carolina and,  therefore,  had travelled

7    in interstate commerce to reach South Carolina.

8                    EXAM CONTINUED

9    BY THE COURT:

10   Q.      Mr. Maxwell, having heard that summary by the

11   Government,  do you agree with it?

12   A.      Not with the stop I don't.

13   Q.      Pardon?

14   A.      Not with the stop I don't.  That is not how that

15   went, but the rest of the stuff, I agree with that.

16        MR. STEPP:  On the part regarding the car stop on

17   the side of the road,  the Government's recitation was

18   essentially what the Court heard, what we all heard last

19   week.

20        THE COURT:  I understand he disputes that, but he

21   does not dispute the fact that he was in possession of

22   the pistol knowing that he was a convicted felon,

23   knowing that he was not allowed to have the weapon and

24   the ammunition, and he doesn't dispute the fact that he

25   was in possession of that quantity of drugs as set forth

1      in Count 2?

2              MR. STEPP:  Do you agree with that?

3              THE WITNESS:  I agree with that.

4                          EXAM CONTINUED

5    BY THE COURT:

6    Q.      And did you, as charged in the Indictment, as

7            charged in Count 1 of the Indictment,  unlawful to

8            possess a firearm, which had been shipped in interstate

9            commerce, you having been previously convicted of a

10           crime punishable by imprisonment to a term exceeding one

11           year and knowing that you had been convicted as is fully

12           set forth and alleged in Count 1 of the Indictment?

13   A.      Yes, sir.

14   Q.      And did you, as charged in count 2 of the

15           Indictment, on or about November 27th, 2023, in the

16           District of South Carolina,  knowingly possess a

17           quantity of crack cocaine and cocaine as is fully set

18           forth and alleged in the Indictment?

19   A.      Yes, sir.

20   Q.      And are you guilty of Counts 1 and 2 of the

21           Indictment?

22   A.      Yes, sir.

23           THE COURT:   You may sign your plea at this time.

24           (Defendant complies.)

25           THE COURT:   The Clerk may publish.

1    THE CLERK:  May it please the court.   The

2    Defendant, Melvin Antonio Eugene Maxwell, has withdrawn

3    his plea of not guilty and has entered a plea of guilty

4    as to Counts 1 and 2 of the Indictment after arraignment

5    in open Court.

6    THE COURT:   It is the finding of the Court in the

7    case just published that the Defendant is fully

8    competent and capable of entering an informed plea, his

9    plea of guilty is a knowing and voluntary plea supported

10   by an independent basis in fact containing each of the

11   essential elements of the two Counts in the Indictment.

12   He is now adjudged guilty of Counts 1 and 2 of the

13   Indictment and his plea of guilty is accepted.

14   That is all until sentencing, thank you.

15   MR. CAUTHEN:  Thank you,  Your Honor.

16   MR. STEPP:  Judge,  may I take up a matter of bail

17   with the Magistrate?

18   THE COURT:  As I ruled the other day, and

19   especially since he has entered a plea of guilty,  under

20   the circumstances of his record of which I am familiar

21   with and what I have heard today,  I don't think that he

22   should be allowed to be out on bail and he should remain

23   in custody.

24   Thank you.

25   MR. CAUTHEN:  Your Honor,  is it your finding,

1    simply for the record, that he presents a potential

2    danger to the community and a possible flight risk.

3         THE COURT:   Both of those.

4         MR. CAUTHEN:  Yes, sir.  Thank you, sir.

5         MR. STEPP:  Judge,  he has been in compliance with

6    his bond since he was put on bond,  and since the state

7    and the people in North Carolina altered his supervised

8    release conditions and he has had surgery back in April,

9    he was supposed to continue on rehab on the surgery,  in

10   fact he had -- the medical reports I see show that he

11   was supposed to be scheduled for another follow up on

12   rehab tomorrow.   If he doesn't get these things over a

13   period of time, then the surgery that he had on his

14   shoulder will not -- and the rehab -- if he doesn't get

15   rehab, he tells me, the surgery that they did will

16   freeze up and he may have to have all of this stuff

17   redone again.

18        THE COURT:   Has he been to physical therapy

19   already?

20        THE DEFENDANT:   I have been to two classes.   I

21   still got --

22        THE COURT:   And they gave you some exercises to

23   do?

24        THE DEFENDANT:   No, they have just been doing

25   them with me.

1          THE COURT:   They told you how to do them?

2          THE DEFENDANT:   They are just showing me how to

3     do them, doing it with balls and stuff like that on the

4     wall.   The doctor, like, I even self-surrendered, they

5     told me to turn myself in.   Nobody had to pick me up.

6          THE COURT:   I am saying when you went to the

7     physical therapy following -- you had surgery on your

8     shoulder?

9          THE WITNESS:  Yes.

10         THE COURT:   When was that?

11         THE WITNESS:  That was April 24th.

12         THE COURT:   Okay.   And following the surgery,

13    you went two times to physical therapy.

14         THE DEFENDANT:   I went two times, that is when

15    they scheduled that.

16         THE COURT:   You should follow up and do the

17    exercises that they told you to do, but I am going to

18    deny his request for bond under the circumstances --

19    totality of the circumstances as to he is now convicted

20    -- he is now a recently convicted felon -- out-of-state

21    felon, who I find, under the circumstances, is not

22    entitled to bond as the question was asked as to a

23    flight risk and a danger to the community.   He

24    obviously doesn't adhere and the fact that he is a

25    prohibited person to possess a firearm doesn't mean

1     anything, he still possessed a firearm.   I believe you

2     said he had two previous convictions of felon in

3     possession?

4          MR. CAUTHEN:  Yes, sir.

5          THE COURT:   This will be the third?

6          MR. CAUTHEN:  Yes, sir.

7          THE COURT:  Okay.   That is all.   We stand

8     adjourned.

9       (Whereupon, the hearing concluded at 10:25 a.m.)

10          *** END OF REQUESTED TRANSCRIPT ***

11     *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

12                   CERTIFICATE OF REPORTER

13     I certify that the foregoing is a correct

14    transcript from my stenographic notes in the

15    above-entitled matter.

16

17

18

19

20    S/Debra R. Bull, RPR, CRR        January 5, 2025
                                       Date

21

22

23

24

25